(No. 778—Claimant awarded $915.20 with interest.)

ANNA M. MORRIS, EXECUTRIX OF THE ESTATE OF LEWIS MORRIS, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 16, 1924.*

INHERITANCE TAX—*when claimant entitled to refund. Sec. 25.* Where an inheritance tax has been assessed, and paid, under Section 25, Inheritance Tax Law, and upon the extinguishment of all contingencies and conditions contemplated in the original appraisement and assessment of the tax, the tax is re-assessed, claimant is entitled to a refund of the difference between the amount of the tax originally assessed and the amount of the tax found to be due upon the re-assessment, with interest at 3%.

JULIUS STERN, for claimant.

EDWARD J. BRUNDAGE, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Claimants, Lottie Nath, Rose Nath Dresser, Kathryn Nath Greenblatt and Bernard Nath, petition for a refund of $915.20 with interest thereon at the rate of 3% per annum from the 24th day of May, 1921, and represent to the court that Louis Nath, a resident of Cook County, Illinois, died in Chicago on November 27, 1920, leaving a last will and testament which was duly admitted to probate January 3, 1921.

After providing for the payment of his debts, said decedent in and by second clause of his will devised and bequeathed unto Foreman Bros. Banking Company, a corporation of Illinois, all the rest, residue and remainder of his estate in trust to hold and control the same upon certain trusts, purposes and conditions as in said will set forth; and in and by the tenth clause of the said will the testator provided that when his youngest surviving child should reach the age of twenty-five years the trust should terminate and the trustee should distribute all the property then in its hands and not previously paid or distributed to his widow, Lottie Nath, or to certain legatees as provided in said will, to Kathryn Greenblatt, Rose Nath (now Rose Nath Dresser) and Bernard Nath in equal parts, share and share alike. Lottie Nath is the widow and Kathryn Nath Greenblatt, Rose Nath Dresser and Bernard Nath are respectively the daughters and son of the decedent.

On April 19th, 1921, an order of record was made by the judge of the county court, based on the appraisement, fixing

the cash value of the successions, interests, estates, legacies, transfers, gifts and property which the parties interested under the will were entitled to receive by reason of the death of the said decedent, and fixed the amount of tax to which same was liable at the total sum of $2,199.13.

Pursuant to said order fixing the amount of the inheritance tax, Foreman Bros. Banking Company, as executor of the said last will of said Louis Nath, deceased, paid to the county treasurer the sum of $21,088.18, being the amount in full of such taxes after deduction of the statutory 5% discount, and on March 27, 1922, final report was made by the executor, the estate declared closed and the executor discharged.

On February 23, 1923, Bernard Nath, the youngest surviving child of the testator became 25 years of age; and on that date the said claimants, Rose Nath Dresser, Kathryn Nath Greenblatt and Bernard Nath, became and now are each seized and possessed of an equal undivided one-third (1/3) part of the residue of the said trust estate and entitled to enjoy the same free from any contingencies whatever, and subject only to the dower interest of the widow, Lottie Nath.

By reason of the survival of the petitioners (the claimants) beyond the date when Bernard Nath reached the age of 25 years; and by reason of the termination of the said trust and the extinguishment of all contingencies and conditions contemplated in and by the original appraisement and assessment of inheritance taxes, the said claimants under and by virtue of said Section 25 of the Revenue Act became and were entitled to a reassessment of the inheritance taxes assessed against the various persons taking under the said will; and thereupon the 25th day of March, 1924, by proper order reassessing all inheritance taxes in said estate, which reduced the tax to 1,235.77.

By reason of such entry of said last order, the amount of said inheritance taxes which should be paid is $1235.77, less 5%, the statutory discount, making a total sum which properly should be paid of $1173.98.

The original amount of inheritance paid to the county treasurer as aforesaid was $2089.18. This leaves due claimant the sum of $915.20 with interest as claimed.

It is therefore ordered that the claimant recover from the defendant, State of Illinois, the said sum of $915.20 with 3% interest thereon per annum from the 24th day of May, A. D. 1921.